**THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

POSEIDON TECHNOLOGY LIMITED,

      Plaintiff,

    vs.

JOYGAME STUDIO LIMITED,

      Defendant.

Case No.: 1:26-cv-06831

**COMPLAINT**

Plaintiff POSEIDON TECHNOLOGY LIMITED ("POSEIDON" or "Plaintiff") files this Complaint against Defendant Joygame Studio Limited ("Defendant" or "Joygame") and allege as follows:

**NATURE OF THE ACTION**

1. This is a declaratory judgment action of copyright non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the United States Copyright Act, 17 U.S.C. § 101 et seq., and Federal Rule of Civil Procedure 57. Plaintiff seeks a declaratory judgment that Plaintiff's mobile application Rope Escape Master (Apple ID 6756253780) (the "App") does not infringe any copyright held or claimed by Defendant.

2. Plaintiff further seeks a judgment that Defendant has tortiously interfered with Plaintiff's contractual relationships with Apple Inc. and Plaintiff's prospective business expectancy with the U.S. consuming public.

1

**3.** An actual and justiciable case or controversy exists under the Federal Declaratory Judgment Act because Defendant has successfully caused the removal of Plaintiff's Rope Escape Master from the U.S. Apple App Store through a bad-faith intellectual-property complaint to Apple Inc. (the "Apple Complaint") asserting copyright infringement claims that are baseless as a matter of law, creating ongoing business disruption and uncertainty regarding Plaintiff's right to distribute non-infringing software to U.S. consumers.

## THE PARTIES

**4.** Plaintiff POSEIDON TECHNOLOGY LIMITED is a company duly incorporated and existing under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, with its registered office at No. 12, Unit D, 3/F, Wong King Industrial Building, 2-4 Tai Yau Street, San Po Kong, Kowloon, Hong Kong. Plaintiff is the developer and operator of the iOS mobile application Rope Escape Master (Apple ID 6756253780).

**5.** Upon information and belief, Defendant Joygame Studio Limited is a company duly incorporated and existing under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, with its registered office at SHOP 185 G/F, HANG WAI IND. CENTRE, NO.6 KIN TAI ST., TUEN MUN, N.T., HONG KONG, and its address at Room 1201, 12/F Tai Sang Bank Building, 130-132 Des Voeux Road, Central, Hong Kong. Upon information and belief, Defendant transacts business under the contact email xiazejian@chaofanhy.cn, which Defendant itself supplied to Apple Inc. as its designated point of contact for the Apple Complaint and through which Defendant has, when it has chosen to respond at all, corresponded regarding this matter.

**6.** Upon information and belief, Defendant claims to be the owner of two iOS mobile applications titled "Tangle Rope: Solve Puzzle" and "Match Mania 3D."

2

## JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction over the federal copyright claims under 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy as the federal claims.

8. This Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's federal-law claim (Counts I) arise under the United States Copyright Act and the Declaratory Judgment Act. Upon information and belief, Defendant is a foreign entity with no contacts with any individual U.S. state sufficient to establish personal jurisdiction in that state's courts of general jurisdiction. The exercise of jurisdiction is consistent with the laws of the United States and with the Due Process Clause of the Fifth Amendment because Defendant has purposefully directed conduct toward the United States as a whole by: (a) filing the Apple Complaint with Apple Inc., a U.S. corporation; (b) seeking, through that complaint, the removal of Rope Escape Master from the United States Apple App Store; (c) causing Apple Inc. to remove Rope Escape Master from the United States Apple App Store on or about April 4, 2026; and (d) thereby suspending Plaintiff's ongoing United States business operations and revenue stream. Pendent personal jurisdiction supports the exercise of jurisdiction over the state-law claims, which arise out of the same common nucleus of operative facts.

9. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign entity with no residence or regular and established place of business in the United States, and a defendant not resident in the United States may be sued in any judicial district.

3

**PLAINTIFF'S APP AND BUSINESS**

10.    Rope Escape Master is an iOS mobile application that presents the player with rope-themed puzzle challenges. The App is distributed through the United States Apple App Store under Apple ID 6756253780.

11.    The U.S. Apple App Store is one of Rope Escape Master's principal distribution channels. Plaintiff has invested substantial resources in the development, art, level design, marketing, and user acquisition for the App.

12.    Before Apple Inc.'s removal of Rope Escape Master from the U.S. Apple App Store, the App was an active and revenue-generating product with a continuing United States user base.

**DEFENDANT'S BAD-FAITH IP COMPLAINT TO APPLE INC.**

13.    Upon information and belief, on or about January 8, 2026, Defendant submitted to Apple Inc. an intellectual-property complaint, which Apple Inc. catalogued under reference number APP256569 (the "Apple Complaint").

14.    The Apple Complaint, as recited to Plaintiff in Apple Inc.'s January 15, 2026 forwarding notice, asserts in substance that Rope Escape Master "copies identical level layouts and puzzle logic from [Defendant's] game 'Tangle Rope: Solve Puzzle,' and directly reproduces UI designs from 'Match Mania 3D'" and that "screenshots show non-transformative duplication." The Apple Complaint requests "immediate removal under Apple's IP policies."

15.    Apple Inc.'s January 15, 2026 forwarding notice identifies "Xia Zejian" at email address xiazejian@chaofanhy.cn as the Defendant's point of contact for the Apple Complaint.

16.    Plaintiff does not infringe any copyright held or claimed by Defendant. The elements that Defendant identifies in the Apple Complaint — "level layouts and puzzle logic"

4

and "UI designs" — are not, as a matter of law, protectable subject matter under the United States Copyright Act. See 17 U.S.C. § 102(b) (excluding from copyright protection any "idea, procedure, process, system, method of operation, concept, principle, or discovery").

17. Game rules, mechanics, puzzle logic, and abstract play patterns are not copyrightable subject matter. Functional user-interface elements such as level-select grids, hint indicators, score readouts, and similar features are similarly unprotectable as methods of operation or under the doctrines of merger and scènes à faire.

18. To the extent any element of Defendant's two applications would be protectable expression, Plaintiff have not copied any such element. Rope Escape Master was independently created and developed. Defendant has not, in the Apple Complaint or in any communication thereafter, identified any specific element of expression alleged to have been copied, provided any specific point of substantial similarity, or supplied any evidence of copying-in-fact.

19. On information and belief, Defendant has no copyright registration in the United States Copyright Office for either "Tangle Rope: Solve Puzzle" or "Match Mania 3D" that has been disclosed to Plaintiff or Apple Inc.

20. On information and belief, Defendant filed the Apple Complaint not in good-faith assertion of any cognizable copyright interest, but to obtain a competitive advantage in the U.S. Apple App Store by causing the removal of a competing puzzle-game application from distribution.

21. As of the date of this Complaint, Defendant has refused to withdraw the Apple Complaint or to communicate with Plaintiff in any manner regarding it. Rope Escape Master remains delisted from the U.S. Apple App Store.

**INJURY TO PLAINTIFF**

22.     As a direct and proximate result of Defendant's bad-faith Apple Complaint and Defendant's continued refusal to withdraw it, Apple Inc. has removed Rope Escape Master from the U.S. Apple App Store and has refused to restore the App.

23.     Plaintiff has suffered and continue to suffer substantial monthly revenue losses, in amounts to be proven at trial.

24.     Plaintiff has also suffered: erosion of their U.S. user base as customers migrate to competitors during the outage; reputational damage from the false implication of intellectual-property wrongdoing; disruption of product development and lost momentum; and legal and administrative costs to defend against Defendant's frivolous Apple Complaint.

25.     Plaintiff's damages continue to accrue daily and will escalate as user migration to competitors becomes permanent and as enterprise opportunities are lost.

26.     The harm to Plaintiff is irreparable and cannot be adequately remedied by money damages alone. Plaintiff has lost market share, U.S. consumer goodwill, and U.S. App Store ranking, none of which is readily quantifiable or recoverable. Moreover, upon information and belief, Defendant is a foreign entity with no known attachable assets within the United States, rendering any future monetary judgment difficult or impossible to enforce.

27.     An actual and justiciable controversy therefore exists between the Parties concerning whether Defendant has any protectable copyright interest in the elements that Defendant claims are infringed; whether Plaintiff's Rope Escape Master infringes any rights of Defendant; and whether Defendant has tortiously interfered with Plaintiff's contractual relationships and prospective business expectancy.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

28.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

29.     Defendant has asserted, through the Apple Complaint, that Plaintiff's Rope Escape Master infringes Defendant's claimed rights in "Tangle Rope: Solve Puzzle" and "Match Mania 3D."

30.     Plaintiff does not infringe any cognizable copyright interest of Defendant. The elements identified in the Apple Complaint — level layouts, puzzle logic, and UI designs — are not, as a matter of law, protectable subject matter under the Copyright Act. To the extent any protectable expression exists in Defendant's two applications, Plaintiff have not copied any such expression, and Rope Escape Master was independently created.

31.     Defendant's persistent assertion of the Apple Complaint, and Apple Inc.'s continued reliance on it to keep Rope Escape Master delisted, creates an actual and substantial controversy between the Parties of sufficient immediacy and reality to warrant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

32.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, Plaintiff respectfully requests a declaration by this Court that Plaintiff's Rope Escape Master (Apple ID 6756253780) does not infringe any copyright held or claimed by Defendant.

## COUNT II: TORTIOUS INTERFERENCE WITH CONTRACT

33.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

34.     Under Illinois law, to establish tortious interference with contract a plaintiff must prove: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2)

7

the defendant's awareness of that contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other party caused by the defendant's wrongful conduct; and (5) damages.

35.     Plaintiff and Apple Inc. are parties to a valid and enforceable contractual relationship comprising the Apple Developer Program License Agreement and the associated Paid Applications Agreement, pursuant to which Plaintiff is authorized to distribute Rope Escape Master through the United States Apple App Store in exchange for compliance with Apple Inc.'s terms and the sharing of revenue from paid applications.

36.     Defendant was aware of Plaintiff's contractual relationship with Apple Inc., as evidenced by Defendant's deliberate targeting of Rope Escape Master through Apple Inc.'s intellectual-property complaint program, which by design presupposes a developer-platform contractual relationship between the developer and Apple Inc.

37.     Defendant intentionally and unjustifiably induced Apple Inc. to suspend Plaintiff's distribution rights by filing the Apple Complaint, by refusing to substantiate the Apple Complaint, and by refusing to withdraw the Apple Complaint despite (a) the lack of any cognizable basis in copyright law for the allegations and (b) Plaintiff's repeated outreach.

38.     Apple Inc. did in fact suspend Plaintiff's distribution of Rope Escape Master through the U.S. Apple App Store as a result of Defendant's conduct, despite Plaintiff's continued compliance with its contractual obligations, and that suspension continues as of the date of this Complaint.

39.     As a direct and proximate result of Defendant's tortious conduct, Plaintiff has suffered substantial damages in amounts to be proven at trial.

## COUNT III: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS EXPECTANCY

40.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

41.     Plaintiff asserts a claim for tortious interference with prospective business expectancy under Illinois law. Under Illinois law, tortious interference with prospective business expectancy requires: (1) the plaintiff's reasonable expectation of entering into or continuing a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's expectancy from ripening or continuing; and (4) damages to the plaintiff resulting from such interference.

42.     Plaintiff had, and continues to have, a reasonable expectation of continuing its established commercial relationship with the United States consuming public through the distribution of Rope Escape Master on the United States Apple App Store.

43.     Defendant knew of Plaintiff's expectancy. Defendant's Apple Complaint expressly identified Rope Escape Master and its Apple ID. Defendant further knew that Rope Escape Master was actively distributed to United States consumers in the U.S. Apple App Store at the time Defendant filed the Apple Complaint.

44.     Defendant purposefully interfered with Plaintiff's expectancy by filing the Apple Complaint without any cognizable basis in copyright law, by refusing to substantiate the Apple Complaint over approximately five months of correspondence with Apple Inc. and Plaintiff, and by refusing to withdraw the Apple Complaint despite Apple Inc.'s expressed willingness to restore Rope Escape Master upon Defendant's written confirmation of resolution.

9

45.     As a direct and proximate result of Defendant's conduct, Plaintiff has lost its continuing revenue stream from Rope Escape Master's United States distribution, lost United States market share, ranking, and user goodwill, and incurred substantial damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a. A declaration that Plaintiff's Rope Escape Master (Apple ID 6756253780) does not infringe any copyright held or claimed by Defendant in either "Tangle Rope: Solve Puzzle" or "Match Mania 3D";

b. A judgment that Defendant has tortiously interfered with Plaintiff's contractual relationship with Apple Inc.;

c. A judgment that Defendant has tortiously interfered with Plaintiff's prospective business expectancy with Apple Inc. and the U.S. consuming public;

d. An award of monetary damages in an amount to be proven at trial for the harm caused to Plaintiff's business;

e. Injunctive relief ordering Defendant to withdraw the Apple Complaint (Apple ref# APP256569) and to provide Apple Inc. with written notice that Defendant's claims against Rope Escape Master have been resolved;

f. Injunctive relief prohibiting Defendant from further interference with Plaintiff's distribution of Rope Escape Master;

g. An award of costs and attorneys' fees as allowed by law; and

h. Any further relief as the Court may deem just and proper.

10

Dated: June 10, 2026

Respectfully submitted,

/s/ Shuai Zhang

Shuai Zhang
SZ & CHI LLP
3808 Union Street Suite 9A-107
FLUSHING, NY 11354
Telephone: 216-544-8431
E-mail: Shuai.Zhang@szclaw.com

***ATTORNEY FOR PLAINTIFF***